UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 06-60122-GRAHAM/O'Sullivan

FILED by _____ D.C.
APR 24 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

OWEN HARTY, individually,
and JANET E. HARTY, individually,

    Plaintiffs,

vs.

THE GATE CONDOMINIUM ASSOCIATION,
INC., A Florida Not-For-Profit
Corporation,

    Defendants.
_____/

### ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law [D.E. 14].

**THE COURT** has considered the Motion, the pertinent portions of the record, and is otherwise duly advised in the premises.

In 2002, Plaintiffs, Owen Harty and his wife Janet Harty, purchased a unit at The Gate Condominium ("Condominium"). The Condominium is administered and operated by Defendant, The Gate Condominium Association. Mr. Harty is a paraplegic and owns a pick-up truck equipped with the necessary technology to provide him with accessibility for his wheelchair. The Condominium's governing documents prohibit owners from parking pick-up trucks on the premises. Defendant agreed to permit Mr. Harty to park his pick-up truck on the premises as an "accommodation for [his] handicap."

Plaintiffs allege that despite the accommodation, Defendant "continually harasd[es them] by placing warning stickers" on the windshield "regarding having a truck on the premises," and by attempting to tow Mr. Harty's pick-up truck away. According to Plaintiffs, there have been "five instances where security personnel have called a towing company..."

Plaintiffs filed this complaint pursuant to the Fair Housing Act of 1968, 42 U.S.C. §3601 et seq. seeking, <u>inter alia</u>, declaratory judgment, preliminary and permanent injunctive relief, and damages for discrimination on the basis of handicap in housing practices. Defendant has moved to dismissed. As grounds, Defendant asserts that (1) Mr. Harty's pick-up truck is not a reasonable accommodation because there is no reason he could not equip another type of vehicle, such as a van or sports utility vehicle, with wheelchair accessible technology; and (2) at best, Plaintiff has only stated a claim for breach of contract which should be litigated in state court.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff give notice of his claim by including in the complaint a "short and plain statement of the claim showing that the pleader is entitled to relief." <u>See</u> Fed.R.Civ.Proc. (8)(a)(2); <u>Swierkiewicz v. Soreman, N.A.</u>, 534 U.S. 506, 512 (2002). Thus, a complaint shall not be dismissed for "failure to state a claim unless it

appears beyond doubt that the plaintiff cannot prove a set of facts which will entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to plaintiff and accept its allegations as true. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Beck v. Deloitte & Touche, 144 F.3d 732 (11th Cir. 1998). Thus, in the context of a motion to dismiss, the issue is not whether plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims," as pled. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## DISCUSSION

A plaintiff is not required to allege that a requested accommodation is the only available alternative in order to state a claim under the Fair Housing Act. Loren v. Sasser, 309 F.3d 1296, 1302 (11th Cir. 2002). To state a claim under the Fair Housing Act, a plaintiff must allege that a requested accommodation is "reasonable." Id. at 1302. In this case, Mr. Harty has sought the accommodation of permitting him to park his wheelchair accessible pick-up truck at the Condominium. Contrary to Defendant's assertions, the fact that Mr. Harty could equip a van or sports utility vehicle with the necessary wheelchair accessible technology does not defeat his claim that the pick-up truck is a "reasonable" accommodation. Indeed, Defendant initially agreed that Mr. Harty could park his pick-up truck on the premises as an

3

"accommodation for [his] handicap." It therefore may be that Defendant has already agreed that the pick-up truck is a reasonable accommodation.  In any event, Plaintiffs' allegation that the pick-up truck is "reasonable" is enough to state a claim under the Fair Housing Act.

Defendant's argument that this is really an action for breach of contract is without merit.  Defendant can not convert an action under the Fair Housing Act into an action for breach of contract merely by initially agreeing to an accommodation and then failing to act in harmony with its agreement. Based thereon, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law [D.E. 14] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of April, 2006.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:  All Counsel of Record